IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-00411-04-CR-W-HFS |
| CHRISTOPHER TAYLOR, | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Defendant Taylor's motion to suppress (Doc. 89) has been heard by Judge Larsen and his report and recommendation to deny the motion (Doc. 166) has been received and considered. I have reviewed the record and briefing and hereby DENY the motion (Doc. 89) and adopt the report and recommendation.

The original challenge to the allegedly unlawful inventory search dealt with a claim that the inventory was not comprehensive, and was so deficient as to evidence pretext, but beyond that, the impoundment of the vehicle violated police department rules in that alternatives to a tow-in were not exhausted. Doc. 90, page 1. The impoundment issue is no longer challenged, in the briefing of objections, which concentrate on the inventory question. Doc. 170, page 2, note 2.

The one issue deserving comment is the contention that failure to fully record the inventory results, as required by police department procedures, should be treated as showing the inventory was pretextual, and that the sole object of the search was to obtain incriminating evidence. Defendant Taylor relies heavily on United States v. Rowland, 341 F.3d 774 (8th Cir. 2003). While the rationale of that case lends some support to defendant on this issue, the facts demonstrated pretext there and

do not here. The inventory in Rowland covered only incriminating items (341 F.3d at 779) and there was not even a generalized category of other items, such as "tools", as in this case. The Rowland panel did not rule on the significance of failure to specify items when categories were listed, as here. 341 F.3d at 780.

I am doubtful that the Circuit will expand Rowland to require precise compliance with procedures mandated by the police departments. That seems unlikely, because even a good-faith effort to comply can result in some summarizing, when details are unduly tedious. Current law does not pursue issues of subjective proof of pretextual intent; I think it unlikely that objective proof of such intent (as the sole reason for the search) will be construed generously to suppress the results of searches.

I thus conclude that Judge Larsen reached the right result.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April  14 , 2009

Kansas City, Missouri

2